UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALLEN PORTER,                                                    00 CV 6047 (SJ)
                                                                 00 CV 7634 (SJ)
                            Petitioner,
                                                                    **ORDER**
              -against-

CHARLES GREINER, Superintendent,
Green Haven Correctional Facility,

                            Respondent.
---------------------------------------------------------X
A P P E A R A N C E S :

ALLEN PORTER
96 A 0854
Green Haven Correctional Facility
Drawer B
Stormville, NY 12582
Petitioner, *Pro Se*

RICHARD A. BROWN, ESQ.
Queens County District Attorney
125-01 Queens Boulevard
Kew Gardens, NY 11415
By:     Nicoletta J. Caferri, Esq.
        Sharon Yaffa Brodt, Esq.
        Vered Adoni, Esq.
Attorneys for Respondent

JOHNSON, Senior District Judge:

        On October 6, 2000, Allen Porter ("Petitioner") brought the above-captioned

action seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On December 7,

2005, after the allotted time for filing objections passed without either party filing any

objections, this Court adopted Magistrate Judge Viktor V. Pohorelsky's Report and

1

Recommendation, and the habeas corpus petition was denied.

On December 16, 2005, the Court received a letter from Petitioner dated December 12, 2005. In that letter, Petitioner noted his attempt to request of the Court an extension of the time allotted for him to file any objections to the Report and Recommendation. In addition, Petitioner moved in the letter for reconsideration of this Court's December 7, 2005 Order.

In an order dated January 4, 2006 (the "January 4, 2006 Order"), the Court stated that it will consider Petitioner's letter as a Motion to Reconsider under Rule 60(b) of the Federal Rules of Civil Procedure. Further, the Court provided Petitioner with the opportunity to submit to the Court any additional filings he deemed relevant to this Court's determination of the Motion to Reconsider no later than sixty (60) days from the date the January 4, 2006 Order was entered. In response, Petitioner made a timely filing. However, through no fault of Petitioner, his initial filing was never properly entered. Therefore, Petitioner re-submitted his filing, which was entered on July 10, 2006 (the "July 19, 2006 Filing").

Because the Court deems Petitioner's July 10, 2006 Filing to be timely, Respondent shall serve and file a response to the July 10, 2006 Filing no later that 21 days from the date this order is entered. Respondent shall include as part of its response all relevant documents from the state record that may be necessary for the Court to dispose of the ineffective assistance of appellate counsel claim, should the Court conclude that claim must be resolved on the merits.

2

P-049

SO ORDERED.

DATED:      July 14, 2006                    Sterling Johnson
            Brooklyn, NY
                                          ᶜ  Senior U.S.D.J.

3